# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANDREW AYERS,          )
         )
         Plaintiff,          )
         )
         v.          )    C.A. No.: N19M-12-004 MAA
         )
DR. GARY L. COLLINS,          )
         )
         Defendant.          )

## ORDER DENYING PLAINTIFF'S
## MOTION FOR APPOINTMENT OF COUNSEL

Pending before the Court is Plaintiff's Motion for Appointment of Counsel ("Motion for Counsel").[1] For the reasons set forth below, the Motion is **DENIED**.

"The right of indigent defendants to counsel in *criminal* matters is well established under the Sixth Amendment."[2] Courts, however, have "almost universally" declined to extend the right to counsel to indigent plaintiffs in civil cases.[3] In support of his Motion for Counsel, Plaintiff argues, in pertinent part, that: (1) he is currently housed in the infirmary without access to the law library or the

---

[1] Transaction ID 66112754.

[2] *Jenkins v. Dover Police Comm'r*, 2002 WL 663912, at *1 (Del. Super. Apr. 5, 2002) (emphasis in original).

[3] *Miller v. Taylor*, 2010 WL 1731853, at *1 (Del. Super. Apr. 28, 2010) (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)); *see also* Deputy *v. Conlan*, 2008 WL 495791, at *1 (Del. Super. Feb. 13, 2008); *Jenkins*, 2002 WL 663912, at *1.

1

ability to research the issues in this action; (2) he is unable to afford counsel; (3) he weighs over 500 pounds and the law library lacks seating or the necessary accommodations for him; and (4) he has been unable to secure *pro bono* counsel.

For civil cases, Delaware courts "consider requests for appointment of counsel as a matter of due process under the Fourteenth Amendment to the United States Constitution."[4] Here, the appropriate analysis is the three-prong due process test set forth by the United States Supreme Court in *Mathews v. Eldridge*.[5] Under *Mathews*, the Court must balance: "(1) the private interests at stake, (2) the government's interest and (3) the risk that the procedure without counsel would lead to erroneous results."[6]

The private interest at stake in this action is Plaintiff's right to meaningful access to the courts. "Meaningful access has been interpreted to mean 'either access to an adequate law library or legal assistance in the preparation of complaints, appeals, petitions, etc.'"[7] In this action, Plaintiff has not argued that his access to

---

[4]     *Duross v. Connections CSP, Inc.*, 2019 WL 4391231, at *1 (Del. Super. Sept. 13, 2019) (citations omitted).

[5]     *Mathews v. Eldridge*, 424 U.S. 319, 321, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

[6]     *Jenkins*, 2002 WL 663912, at *2 (citing *Mathews*, 424 U.S. at 321).

[7]     *Deputy v. Conlan*, 2008 WL 495791, at *1 (Del. Super. Feb. 13, 2008) (quoting *Vick v. Dep't of Corrections*, 1986 WL 8003, at *1 (Del. Super. Apr. 14, 1986)).

the courts has been restricted. In fact, Plaintiff filed his complaint in compliance with the Superior Court Rules of Civil Procedure, including documents for service upon Defendant.

Next, the Court must examine the government's interest, which includes "maintaining order and discipline in its penal institutions."[8] "This strong interest, when considered in the context of the extraordinary remedy that Plaintiff seeks, means that Plaintiff must make a very strong showing that his private interest in meaningful access outweighs this strong and well-recognized State interest."[9] Plaintiff makes no argument on this factor in his Motion for Counsel. Plaintiff fails to demonstrate that there is anything in his case that sets it "apart from the volume of cases in which *pro se* inmates litigate civil claims in this Court."[10]

Finally, the complexity of this matter and Plaintiff's diminished chance of success in the absence of appointed counsel does not overcome or outweigh the State's interest in maintaining order and discipline in its penal institutions.[11] "This Court has previously held that simply being unable to undertake discovery or

---

[8]     *Vick*, 1986 WL 8003, at *3.

[9]     *Miller*, 2010 WL 1731853, at *1 (citing *Jenkins*, 2002 WL 663912, at *2-3).

[10]    *State Ins. Cov. Office v. Rainier*, 2010 WL 2541665, at *1 (Del. Super. June 22, 2010).

[11]    *Id.* at *2.

litigation or not having access to the statutory and case law of Delaware are not adequate bases for a court to appoint counsel."[12]

For these reasons, Plaintiff's Motion for Counsel fails to set forth the facts necessary to warrant the extraordinary remedy of court-appointed counsel that he seeks. Therefore, Plaintiff's Motion for Appointment of Counsel is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

Dated: December 14, 2020

cc:    Prothonotary
       Aaron Goldstein, State Solicitor

---

[12] *Parsons v. DuShuttle*, 2019 WL 1131956, at *3 (Del. Super. Mar. 8, 2019) (citing *Benner v. Correction Medical Services*, 2008 WL 415972, at *1 (Del. Super. Aug. 12, 2008); *Deputy*, 2008 WL 495791, at *1; *Jenkins*, 2002 WL 663912, at *3).

4